**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MAYRA EVELYN MARTINEZ-ALFARO, | No. 10-70383 |
| Petitioner, | Agency No. A097-745-104 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Mayra Evelyn Martinez Alfaro, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's ("IJ") decision denying her application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review.

Substantial evidence supports the BIA's denial of CAT relief because Martinez-Alfaro failed to establish it is more likely than not she would be tortured at the instigation of or with the acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

In denying Martinez-Alfaro's asylum and withholding of removal claims, the BIA found Martinez-Alfaro failed to establish a nexus to a protected ground. When the BIA issued its decision, it did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).

Further, with respect to asylum, Martinez-Alfaro explained to the BIA that she was stopped at the border and issued a Notice to Appear ("NTA") on January 13, 2004. The record reflects the government did not submit the NTA to the IJ or request a new hearing date until June 28, 2005. Martinez-Alfaro argued to the BIA

10-70383

that she could not have filed her asylum application within the one-year deadline because she was not given a court date until after it had passed. The BIA did not address Martinez-Alfaro's argument that, under the circumstances described, her untimely asylum application should be excused. *See Sagaydak v. Gonzales*, 403 F.3d 1035, 1040 (9th Cir. 2005). In assessing whether Martinez-Alfaro met an exception to the one-year filing deadline, the BIA should consider whether service of the NTA meant Martinez-Alfaro had to file her asylum application with the IJ, and had to wait for a court appearance to do so, or whether she had other avenues for filing her asylum application.

Thus, we remand Martinez-Alfaro's asylum and withholding of removal claims to reassess her claim of extraordinary circumstances and to determine the impact, if any, of the foregoing social group decisions on the merits of her claims. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Martinez-Alfaro's remaining challenges to the agency's denial of her asylum and withholding of removal claims at this time, nor do we reach any requests for relief that Martinez-Alfaro did not raise to the agency.

Respondent's motion to place this case in mediation is denied.

10-70383

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**